IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
LITTLE ROCK DIVISION

TORANCE TORRELL WASHINGTON
ADC # 121072                                                                                              PLAINTIFF

V.                                            4:09-cv-00670 BSM-JJV

LARRY NORRIS, Director, Arkansas Department
of Correction; LEROY BROWNLEE, Chairman,
Arkansas Parole Board; MARSHALL DALE
REED, Warden, Ouachita River Correctional
Unit, Arkansas Department of Correction; and
CLEO SMITH, Coordinator, RSVP Program,
Ouachita River Correctional Unit, Arkansas
Department of Correction                                                                           DEFENDANTS

**PROPOSED FINDINGS AND RECOMMENDATIONS**
**INSTRUCTIONS**

      The following recommended disposition has been sent to United States District Judge Brian S. Miller.  Any party may serve and file written objections to this recommendation.  Objections should be specific and should include the factual or legal basis for the objection.  If the objection is to a factual finding, specifically identify that finding and the evidence that supports your objection.  An original and one copy of your objections must be received in the office of the United States District Court Clerk no later than eleven (11) days from the date of the findings and recommendations.  The copy will be furnished to the opposing party.  Failure to file timely objections may result in a waiver of the right to appeal questions of fact.

      If you are objecting to the recommendation and also desire to submit new, different, or additional evidence, and to have a hearing for this purpose before the District Judge, you must, at the same time that you file your written objections, include the following:

1. Why the record made before the Magistrate Judge is inadequate.

2. Why the evidence proffered at the hearing before the District Judge (if such a hearing is granted) was not offered at the hearing before the Magistrate Judge.

3. The detail of any testimony desired to be introduced at the hearing before the District Judge in the form of an offer of proof, and a copy, or the original, of any documentary or other non-testimonial evidence desired to be introduced at the hearing before the District Judge.

From this submission, the District Judge will determine the necessity for an additional evidentiary hearing, either before the Magistrate Judge or before the District Judge.

Mail your objections and "Statement of Necessity" to:

> Clerk, United States District Court
> Eastern District of Arkansas
> 600 West Capitol Avenue, Suite A149
> Little Rock, AR 72201-3325

## DISPOSITION

Plaintiff, an inmate at the Tucker Maximum Security Unit of the Arkansas Department of Correction, initiated this action by filing a *pro se* Complaint, pursuant to 42 U.S.C. § 1983, challenging the Arkansas Department of Correction policy which requires that certain inmates complete a sex offender treatment course before they are eligible for parole[1]. After carefully reviewing the documents submitted by Plaintiff, the Court concludes that Plaintiff's claims are without merit as he has failed to state a claim upon which relief may be granted. Accordingly, the Court recommends that Plaintiff's Complaint be dismissed with prejudice.

## II. Screening

---

[1] Members of the Post-Prison Transfer Board are absolutely immune from suit for damages while performing their official duties. *Wiggins v. Lockhart*, 825 F.2d 1237 (8th Cir. 1987). Therefore, Plaintiff's claims against Leroy Brownlee are not actionable.

The Prison Litigation Reform Act requires federal courts to screen prisoner complaints seeking relief against a governmental entity, officer, or employee. 28 U.S.C. § 1915A(a). The Court must dismiss a complaint or portion thereof if the prisoner has raised claims that: (a) are legally frivolous or malicious; (b) fail to state a claim upon which relief may be granted; or (c) seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(A)(b).

An action is frivolous if "it lacks an arguable basis either in law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). An action fails to state a claim upon which relief can be granted if it does not plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 127 S.Ct. 1955, 1974 (2007). In reviewing a *pro se* complaint under § 1915(e)(2)(B), the Court must give the complaint the benefit of a liberal construction. *Haines v. Kerner*, 404 U.S. 519, 520 (1972). The Court must also weigh all factual allegations in favor of the plaintiff, unless the facts alleged are clearly baseless. *Denton v. Hernandez*, 112 S.Ct. 1728, 1733 (1992); *Scheuer v. Rhodes*, 416 U.S. 232, 236 (1974). But regardless whether a plaintiff is represented or appearing *pro se*, his complaint must allege specific facts sufficient to state a claim. *See Martin v. Sargent*, 780 F .2d 1334, 1337 (8th Cir.1985).

### III. Analysis

Plaintiff states that in 2007 the Arkansas Parole Board stipulated that he complete the Reduction in Sexual Victimization Program (known as "RSVP") in order to be eligible for parole.[2] By way of relief, he asks for parole as well as damages of $50.00 per day for each day he has spent in custody after his transfer eligibility date. After careful review of Plaintiff's allegations and

---

[2] The "Judgment and Commitment Order" appended as an exhibit to Plaintiff's Complaint reflects a plea of guilty to charges of rape, residential burglary, and first-degree sexual abuse. The Jefferson County Circuit Court sentenced Plaintiff in 2001 to a ten-year prison term.

requested relief, the Court finds that Plaintiff has failed to state a claim upon which relief may be granted and his Complaint should be dismissed.

42 U.S.C. § 1983 specifically requires a plaintiff to allege a violation of a federally-protected right and Plaintiff has no right to parole. The United States Supreme Court, in *Greenholtz v. Inmates of Nebraska Penal and Correctional Complex*, 442 U.S. 1 (1979), determined there is no constitutional or inherent right of a convicted person to be conditionally released before the expiration of a valid sentence. While the Court did find that the Nebraska statute created some due process rights in the parole release situation, it also recognized that whether any other state statute provides an entitlement must be decided on a case-by-case basis. The Arkansas parole statute, Ark.Code Ann. § 16-93-201-206 (Supp. 1997), establishes only the possibility of parole. Nothing in the Arkansas statutes creates a right of an inmate to release on parole which would invoke due process protection, *Robinson v. Mabry*, 476 F.Supp. 1022, 1023 (E.D.Ark. 1979), and parole officials are entitled to consider many factors when deciding whether to grant parole.

Therefore, Plaintiff's claim that the Defendants violated his constitutional liberty interest in parole must fail as he does not state a claim upon which relief may be granted. For these reasons, the Court finds that this complaint should be dismissed with prejudice.

IT IS, THEREFORE, RECOMMENDED that this action be DISMISSED.

IT IS FURTHER RECOMMENDED that dismissal of this action count as a "strike" for purposes of 28 U.S.C. § 1915(g).[3]

---

[3] Title 28 U.S.C. § 1915(g) provides that: "In no event shall a prisoner bring a civil action or appeal a judgment in a civil action under this section if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted . . . ." *See Patton v. Jefferson Correctional Center*, 136 F. 3d 458, 462-64 (5th Cir. 1998).

IT IS FURTHER RECOMMENDED that the Court certify, pursuant to 28 U.S.C. § 1915(a)(3), that an *in forma pauperis* appeal from any Order adopting these recommendations would not be taken in good faith.

DATED this 11th day of September, 2009.

_____
JOE J. VOLPE
UNITED STATES MAGISTRATE JUDGE